**COUNTY OF DALLAS, Appellant,**

v.

**Ivan E. HARRISON, Appellees.**

No. 05–88–00048–CV.

Court of Appeals of Texas, Dallas.

Nov. 3, 1988.

Shirley R. Thomas, Dallas, for appellant.

Eddie Vassallo, Ken Wright, Dallas, for appellees.

Before STEPHENS, STEWART and ROWE, JJ.

STEWART, Justice.

This appeal arises from a proceeding in eminent domain brought by the County of Dallas against the property owners, Ivan E. Harrison, Marguerite K. Harrison and Ivan Harrison Co., Inc. ("Harrisons"), to

acquire a portion of real estate situated in the City and County of Dallas, Texas, for the widening and improvement of Hillcrest Road. Based on the jury's verdict, the trial court entered judgment awarding the Harrisons $245,880 for the land acquired by the County and for damages to the remainder of the Harrison property. In its sole point of error, the County contends that the trial court reversibly erred in admitting in evidence and permitting the jury to view a video tape which had not been furnished to the County in response to its request for production. We disagree; accordingly, we affirm the trial court's judgment.

On March 23, 1987 the County served interrogatories and a request for production on the Harrisons. In the request for production, the County requested, "All photographs of the whole property, any part thereof, that are to be used or entered at time of trial." The Harrisons' response to the County's request for production, hand-delivered on June 25, 1987, stated that, "Counsel for Plaintiff has viewed the original prints of all photographs within Defendant's [sic] actual or constructive possession." The Harrisons did not supplement their response nor produce the video tape prior to offering it in evidence on September 9, 1987, during the second day of trial.

On appeal, the County contends that its request for production of all "photographs" includes video tapes. The County relies on Texas Rule of Civil Evidence 1001(2), which provides that " 'Photographs' include still photographs, x-ray films, *video tapes*, and motion pictures." (Emphasis added). We conclude that the County's reliance on this rule is misplaced. By the express terms of Rule 1001, that definition is applicable only for the purposes of Article X of the Texas Rules of Civil Evidence, relating to proof of the contents of writings, recordings and photographs.

Requests for production are governed by Texas Rule of Civil Procedure 167[1]. This rule provides for the production of any designated documents or tangible things within the scope of Rule 166b. Rule 167(1)(a). Rule 167 also requires the requesting party to "set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity." Rule 167(1)(c). The issue is whether photographs and video tapes are in the same category or in different categories under Rule 167(1)(c).

Rule 166b(2)(b), which defines the scope of discovery for documents and tangible things, gives examples of documents that are subject to a request for production under Rule 167: "A party may obtain discovery of ... any and all documents, (including papers, books, accounts, drawings, graphs, charts, *photographs, electronic or videotape recordings,* ...)...." We conclude that the separate listing of both "photographs" and "videotape recordings" in Rule 166b(2)(b) indicates that photographs and video tapes are two separate items or types of documents for purposes of designation under Rule 167(1)(a) and (c). Consequently, we hold that the County's request for production of photographs did not include a request for production of the video tape at issue.

In light of this holding, we do not reach the County's other arguments based on the premise that the request for production included the video tape. We overrule the County's sole point of error.

The judgment is affirmed.

1. Hereafter, all references to rules are to the Texas Rules of Civil Procedure.